615 A.2d 421

In re ESTATE OF Marguerite LONG, Deceased.

**Appeal of Joseph LONG, Widower.**

Superior Court of Pennsylvania.

Argued Aug. 13, 1992.

Filed Oct. 22, 1992.

Jeffery S. Orchinik, Bensalem, for appellant.

John E. Brady, Yardley, for Moore, participating party.

Before CAVANAUGH, WIEAND and McEWEN, JJ.

CAVANAUGH, Judge:

This appeal is from an order striking appellant's election to take against the will of his deceased wife. Appellant and his wife were married in June, 1985. Both were mature persons who owned their own homes and had grown children. In May 1985, they entered into a prenuptial agreement because they wanted to preserve their respective estates for their children. The agreement provided a mutual waiver and release of each party's right to the other's estate. At the time of the agreement, appellant was planning to sell his home and move in with his wife. The contract also provided that he would have the right to live in his wife's residence for the rest of his life should she die first. Unknown to the appellant, the wife was not the sole owner of the house, rather she shared title to the house with her daughter, jointly, with right of survivorship. Thus, the wife was unable to grant a life estate to the property as the contract promised.

Appellant and his wife lived in her home during their marriage until 1989. In September 1989, appellant's wife and her daughter sold the house and kept the proceeds. Appellant did not object to the sale of the house or seek to share in the

proceeds, nor did he demand that his wife obtain another residence for the promised life estate. Appellant and his wife moved into an apartment. They continued to segregate their assets. On June 10, 1990 appellant's wife died suddenly. Appellant sought to take an elective share of his wife's estate, and her daughter contested by asserting the prenuptial agreement. The lower court ruled that the appellant is precluded by the terms of the prenuptial agreement from taking an elective share of the estate.

Appellant argues that the prenuptial contract was void *ab initio* because it contained a misrepresentation about the title of decedent's residential property. The court held that the decedent's inability to convey a life estate did indeed constitute a misrepresentation, which rendered the contract voidable by appellant. The court further found that appellant ratified the contract and thereby waived his right to avoid its terms when he had reason to know of the misrepresentation and took no steps to disaffirm.

*Simeone v. Simeone*, 525 Pa. 392, 581 A.2d 162 (1990) is the controlling case in determining the validity of prenuptial agreements. *Simeone* holds that prenuptial agreements are contracts and subject to the same analysis as other types of contracts. Appellant relies on older cases in which courts would evaluate prenuptial agreements at the time of formation and determine reasonableness of the terms in the absence of full and fair disclosure. *See, Estate of Harris*, 431 Pa. 293, 245 A.2d 647 (1968) and *In Re Estate of Geyer*, 516 Pa. 492, 533 A.2d 423 (1987). These cases are no longer controlling on this issue. Prenuptial contracts are no longer an isolated category of contracts. Traditional principles of of contract law provide adequate remedies where contracts are procured through fraud, misrepresentation or duress. Consideration of other factors such as the knowledge of the parties and the reasonableness of the bargain is inappropriate. *Simeone*, 525 Pa. at 400, 581 A.2d at 165.

The lower court correctly applied traditional contract principles as embodied in the Second Restatement of Con-

tracts Sec. 380(2) regarding ratification and waiver. The law in this area has changed in recent years, and the *Simeone* case makes such analysis appropriate. Before *Simeone* a party wishing to nullify a prenuptial agreement had the burden of proving by clear and convincing evidence that the provisions were not reasonable and the absence of full and fair financial disclosure. *Hillegass Estate,* 431 Pa. 144, 244 A.2d 672 (1968). Under general contract principles, however, a material misrepresentation renders a contract voidable not void. *See, Germantown Manufacturing Co. v. Rawlinson,* 341 Pa.Super. 42, 491 A.2d 138 (1985). The Restatement simply expounds the well recognized principle that a party to a voidable contract may lose his right to rescind or avoid the contract if he fails to disaffirm or demonstrates an intention to affirm.

■ The appellant argues that the lower court holding would require that a party wishing to disaffirm a prenuptial agreement do so before the death of the spouse. This is clearly wrong; the court merely holds that a party claiming misrepresentation must act to disaffirm upon learning of the misrepresentation. The holding is consistent with traditional contract principles; failure to act when one knows or has reason to know of a misrepresentation is a ratification of the contract. Appellant knew that decedent wife sold the house and that the proceeds were shared by her and her daughter. He knew after the sale of the house that it would be impossible for him to realize the promised life estate. His precise knowledge of the title of decedent's residence is not required. Once the house was sold and the proceeds shared by wife and her daughter, he knew he could no longer expect a life estate in it. Appellant's failure to object or express dissatisfaction with these developments amounts to a ratification of the practical impossibility of performance of the prenuptial agreement. Indeed, appellant's conduct showed his intention to be bound by the consequences of the actual status of the property.

Appellant and his wife entered into the prenuptial agreement with the expressed intention of maintaining undivided estates. The misrepresentation about the title of decedent

wife's house did not frustrate or hinder this goal in any way. Even considering the misrepresentation, appellant maintained the benefit of his bargain; he segregated his money and kept the proceeds of the sale of his own house for himself. After decedent wife sold her house with her daughter it was apparent that appellant would have no interest in it. Appellant's failure to act when the misrepresentation was apparent amounts to ratification of the agreement under traditional principles of contract law. It would be fundamentally unfair to allow appellant to conduct himself as if he would honor the contract while his wife was alive and successfully challenge it after her death.

Order affirmed.